**UNITED STATES of America,
Appellee,**

v.

**Darrell Lester GRANT, Defendant–
Appellant.**

**Nos. 05–6928–cr(L), 05–6929–cr(CON).**

United States Court of Appeals,
Second Circuit.

Sept. 21, 2007.

David S. Hammer, Esq., New York, NY,
for Defendant–Appellant.

Paul D. Silver, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief), Albany, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Darrell Lester Grant appeals from the December 13, 2005 judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge* ), sentencing him principally to 77 months' imprisonment upon his guilty plea to one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), and one count of aggravated illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

Grant contends that the District Court committed the following two errors in departing under U.S.S.G. § 4A1.3: (1) it failed to make any specific finding that the information on which it based its departure was reliable, and (2) it considered information that was unreliable. As to the first point, we have never required district courts to make a specific factual finding on the reliability of the information they employ in a § 4A1.3 analysis. *See, e.g., United States v. Simmons,* 343 F.3d 72, 79 (2d Cir.2003). Regarding the second point, before the District Court, Grant expressly "adopt[ed] the facts set forth in the Presentence Report"—including those facts relating to his Canadian convictions— "without qualification." We therefore con-

clude that the District Court, in deciding to depart upwardly, properly employed "reliable information" within the meaning of § 4A1.3(a)(1). *See id.* (holding that district court properly relied on Canadian convictions where "the nature of those offenses [was] not obscure").

Grant next maintains that the District Court erred by failing to explain adequately the reasons for its departure from Criminal History Category I to Criminal History Category VI. Our decisions make clear that a district court is not required to engage in "a mechanistic, step-by-step procedure" when departing upward under § 4A1.3. *Id.* (internal quotation marks omitted). We are satisfied with the District Court's careful consideration of the facts underlying Grant's convictions in Canada and see no error in its conclusion that sentencing Grant at Criminal History Category VI was appropriate.

Finally, Grant urges that his sentence is procedurally and substantively unreasonable. His claim of procedural unreasonableness—which tracks the contentions we already have rejected—fails for the reasons set forth above. We also conclude that his sentence is substantively reasonable. The District Court did not focus too heavily on Grant's foreign convictions. *Cf. United States v. Rattoballi,* 452 F.3d 127, 137 (2d Cir.2006). Rather, the District Court based its sentence on a variety of factors unique to Grant—favorable and unfavorable—including his familial and criminal history, physical disabilities, drug addiction, recidivism, and the nature and circumstance of his present offenses. On this record, the District Court's ultimate conclusion is well-supported and within reason. *See United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 192, 166 L.Ed.2d 143 (2006) ("Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge.

Rather, the standard is akin to review for abuse of discretion.").

For those reasons, we AFFIRM the judgment of the District Court.